UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-Civ

**ATLAS IP, LLC, a Florida Limited Liability Corporation,**

       Plaintiff,

v.

**MEDTRONIC, INC., a Minnesota Corporation,
MEDTRONIC USA, INC., a Minnesota Corporation,
MEDTRONIC MINIMED, INC. a Delaware Corporation,
ST. JUDE MEDICAL, INC., a Minnesota Corporation, and
ST. JUDE MEDICAL S.C., INC., a Minnesota Corporation,**

       Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY**

Plaintiff, Atlas IP, LLC ("Atlas"), alleges by way of complaint against Defendants, St. Jude Medical, Inc. ("St. Jude"), St. Jude Medical S.C., Inc. ("SJMSC"), Medtronic, Inc. ("Medtronic"), Medtronic USA, Inc. ("Medtronic USA"), Medtronic Minimed, Inc. ("Minimed") (collectively "Defendants") as follows:

*Atlas and Its Patents*

1. Atlas is a Florida LLC with a principal place of business at One SE Third Avenue, Suite 1200, Miami, Florida 33131.

2. Atlas is the owner by assignment of U.S. Patent No. 5,371,734 ("the '734 patent"), entitled *Medium access control protocol for wireless network.* Exhibit A.

3. The invention of the '734 patent, the application for which was filed in January 1993, is directed to "a reliable medium access control (MAC) protocol for wireless, preferably radio

frequency (RF), LAN-type network communications among a plurality of resources, such a[s] a battery powered portable computers." '734 Patent, col. 5, lines 10-14.

4. Representative claim 14 of the '734 patent reads:

A communicator for wirelessly transmitting frames to and receiving frames from a least one additional communicator in accordance with a predetermined medium access control protocol, the communicators which transmit and receive the frames constituting a Group, each communicator including a transmitter and a receiver for transmitting and receiving the frames respectively, the medium access control protocol controlling each communicator of the Group to effect predetermined functions comprising:

designating one of the communicators of the Group as a hub and the remaining the communicators of the Group as remotes;

the hub establishing repeating communication cycles, each of which has intervals during which the hub and the remotes transmit and receive frames;

the hub transmitting information to the remotes to establish the communication cycle and a plurality of predeterminable intervals during each communication cycle, the intervals being ones when the hub is allowed to transmit frames to the remotes, when the remotes are allowed to transmit frames to the hub, and when each remote is expected to receive a frame from the hub;

the remotes powering off their transmitters during times other than those intervals when the remote is allowed to transmit frames to the hub, by using the information transmitted from the hub;

the remotes powering off their receivers during times other than those intervals when the remote is expected to receive a frame from the hub, by using the information transmitted from the hub;

the hub establishing the length of each communication cycle; and

the hub transmitting a frame containing information describing the length of the communication cycle whose length is established.

### The Defendants and the Accused Products

5. St. Jude is a Minnesota corporation with a principal place of business at 1 St. Jude Medical Drive, St. Paul, Minnesota 55117.

6. SJMSC is a Minnesota corporation, and has its principal place of business at 6300 Bee

Cave Road, Building 2, Suite 100, Austin, Texas 78746. On information and belief, SJMSC is a subsidiary of St. Jude Medical.

7. Medtronic is a Minnesota corporation with a principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

8. Medtronic USA is a Minnesota corporation permanent place of business in this Judicial District at Doral Corporate Centre II, 3750 NW 87th Avenue, Suite 700, Miami, Florida 33178. On information and belief, Medtronic USA is a subsidiary of Medtronic.

9. Minimed, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 18000 Devonshire Street, Northridge, California 91325. On information and belief, Minimed, Inc. is a subsidiary of Medtronic.

10. The Defendants manufacture, offer for sale, and/or sell wireless medical monitoring devices that operate in the Medical Implantable Communication Service frequency range/the MedRadio Band, and/or the ISM band ("the accused products").

11. The accused products are compliant with, *inter alia*, IEEE Standard 802.15.6, Part 15.6, entitled Wireless Body Area Networks, and/or incorporate, *inter alia*, Zarlink ZL70101 or ZL70102 chip sets for wireless communication.

12. Upon information and belief, the Defendants, at all times relevant to this complaint, have been doing business in this Judicial District by, *inter alia*, selling and offering for sale the accused products in this Judicial District.

13. The accused products are designed to form a communication group.

14. The accused products include a transceiver consisting of a transmitter and receiver that transmits and receives packets of data.

15. The accused products operate to, *inter alia*, correct and detect errors, control flow

automatically to prevent buffer overflow, minimization of collisions from multiple remote devices, and conservation of battery power.

16.     The accused devices form a group of at least one device, *e.g.,* a Medical Body Area Networks device, operating in remote mode, and one unit operating in base mode.

17.     The base will negotiate a communication session during which the remote and base devices will transmit and receive packets of data to and from one another.

18.     The base transmitter will transmit information to each remote to, *inter alia*, establish the cycle including the reception and transmission periods from and to the base.

19.     During the transmission period, the remotes expect to receive a message from the base comprising one or more packets of data.

20.     During the reception period, the remotes send return messages to the base, which may or may not provide an acknowledgement of reception, and/or one or more packets of data.

21.     The base establishes communication cycles that repeat in some predetermined fashion, e.g., three times per day. During each such communication cycle, there are intervals during which the hub and the remotes transmit and receive frames.

22.     A remote has the ability to power off its transmitters during times other than those when it is communicating.

23.     Once a remote has transmitted data packets to the base, if its receiver has been powered down, it activates its receiver to await the reception of data from the base.

**Jurisdiction and Venue**

24.     This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 1338(a).

25.     Venue is proper in this Judicial District pursuant to 35 U.S.C. § 1400(b).

26.     This Court has personal jurisdiction over the Defendants by virtue of the Defendants

4

having done business in this Judicial District.  This Court also has personal jurisdiction over Medtronic USA by virtue of this company's permanent place of business in this Judicial District.

27.	Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 insofar as the accused products are compliant with a common standard, and/or incorporate common components.

## *Count I – Patent Infringement*

28.	Atlas hereby incorporates by reference the allegations contained in paragraphs 1-27, above.

29.	The Defendants' manufacture, sale and/or offer to sell the accused products constitute direct infringement of the claims of the '734 patent pursuant to 35 U.S.C. §271(a).

30.	The Defendants' infringement of the '734 patent has caused injury to Atlas.

WHEREFORE, Atlas respectfully requests that this Court award it compensatory damages sufficient to compensate for Defendants' infringement and interest thereon, and award Atlas such further relief in law and/or equity as the Court deems appropriate.

Dated:  September 12, 2013                     Respectfully submitted,

OF COUNSEL:                                    *s/ Curtis Carlson*
                                               Curtis Carlson (Florida Bar No. 236640)
Rolf O. Stadheim                               Email:  Carlson@carlson-law.net
George C. Summerfield                          Carlson & Lewittes, P.A.
Steven R. Pedersen                             One S.E. Third Avenue
Kyle L. Harvey                                 Suite 1200
STADHEIM & GREAR LTD.                          Miami, Florida 33131
400 N. Michigan Avenue                         Telephone: (305) 372-9700
Suite 2200
Chicago, Illinois 60611                        *Counsel for Plaintiff Atlas IP, LLC*
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
stadheim@stadheimgrear.com
summerfield@stadheimgrear.com
pedersen@stadheimgrear.com
harvey@stadheimgrear.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:  September 12, 2013                    Respectfully submitted,

OF COUNSEL:                                           *s/ Curtis Carlson*
                                                                       Curtis Carlson (Florida Bar No. 236640)
Rolf O. Stadheim                                       Email:  Carlson@carlson-law.net
George C. Summerfield                          Carlson & Lewittes, P.A.
Steven R. Pedersen                                 One S.E. Third Avenue
Kyle L. Harvey                                         Suite 1200
STADHEIM & GREAR LTD.                Miami, Florida 33131
400 N. Michigan Avenue                        Telephone: (305) 372-9700
Suite 2200
Chicago, Illinois 60611                           *Counsel for Plaintiff Atlas IP, LLC*
Telephone: (312) 755-4400
Facsimile: (312) 755-4408
stadheim@stadheimgrear.com
summerfield@stadheimgrear.com
pedersen@stadheimgrear.com
harvey@stadheimgrear.com

6